HOVEY (MILLIGAN v.). See Case No. 9,-605.

## Case No. 6,744.

HOVEY v. The SARAH E. BROWN.

[39 Hunt, Mer. Mag. (1858) 329.]

District Court, S. D. New York.

ADMIRALTY PRACTICE — EXCEPTIONS TO COMMISSIONER'S REPORT—COLLISION—DAMAGES —INSURANCE ON CARGO.

[1. A party cannot, by exceptions to the report of a commissioner to compute damages, again raise a question on the merits which was decided by the court before the reference.]

[2. A common carrier in possession of a vessel and cargo has a qualified property therein, which makes him a competent party both by the New York law and in admiralty, to maintain a suit to recover damages resulting from the wrongful act of a stranger.]

[3. Payment by an insurance company, under a policy held by the carrier, of damages occasioned to cargo by collision, is not a discharge or satisfaction of the liability of the other vessel to the carrier for the whole amount of the damage, when she alone was in fault.]

[This was a libel by Alfred H. Hovey against the steamboat Sarah E. Brown to recover damages for a collision.]

The case came up on exceptions to the commissioner's report. The action was for injury done by the steamboat to a vessel called the Mist, then in the possession of the libelant, and to the merchandise put on board her by its owners, and committed to the libelant's charge as a common carrier.

The answer of the claimant denied the right set up by the libelant, and also denied that he had paid any money to the owners of the cargo because of any injury to it. The court, upon hearing the cause, gave a decree for the libelant, and referred it to a commissioner to compute the damage. On the reference it appeared that the gross amount of the injuries caused by the collision was $6,-667.81, including lighterage and preservation of the property, and that there was realized from its sale $2,353.59, leaving a balance of $4,314.24, for which sum, besides lighterage, towing, and interest, the commissioner reported. The libelant held a general policy of insurance covering the property in question, upon which the libelant was paid by the company $2,950. The claimant alleged that this amount should have been deducted from the damages, as a satisfaction and extinguishment so far of the cause of action, and excepted to the report on this ground, and also upon the ground that the libelant proved no actual payment by him to the owners of the cargo, and that the libelant was not entitled to damages beyond those actually sustained by the boat.

HELD BY THE COURT (BETTS, District Judge): That the decision of the court upon the merits proceeded upon the ground that the libelant, as a common carrier, had a qualified property in the Mist and her cargo sufficient to enable him to maintain an action in his own name for the injuries caused by the collision. That the claimant's exception to the allowance of damages beyond what he had actually paid goes to the merits of the action, and the question cannot be brought up again by exception, but must be raised, if at all, by appeal, or at least by motion for a new trial. Moreover, by the law of this state, a common carrier is a competent party to sue a wrong-doer for and recover the full value of property injuriously interfered with by strangers while in his possession. 7 Cow. 670; 2 Kern. [12 N. Y.] 343. The same privilege and authority has been recognized in admiralty as belonging to him. That the payment by the insurance company was not in favor of the steamboat, or in discharge or extenuation of its liabilities. She, by her fault, had incurred a liability to the amount decreed against her for the consequences of the collision. This single responsibility, and nothing more, is sought to be enforced against her by this action, and it clearly cannot be claimed, as an acquittance of that charge, that another party, under a contingent contract of insurance, paid the libelant a portion or the whole of the liability which the steamboat had legally incurred to him. There is no privity of contract or interest between the insurance company and the steamboat in this respect. The company and the libelant may stand in quite a different relation in respect to the application of that money, but whether the

company attempts to reclaim the payment made on her contract or abandons it, is solely a question between that party and the libelant, with which the claimant has no concern. [The Monticello v. Mollison] 17 How. [58 U. S.] 152. Exception, therefore, overruled, except that the claimant is entitled to a recomputation of the charges, to ascertain whether "lighterage and towage" has been twice allowed by the commission.